IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lucille Langford,                               ) | C/A No.:  3:03-0192-JFA-JRM |
|                                                        ) | |
|          Plaintiff,      ) | |
| v.                                                   ) | |
|                                                        ) | **ORDER** |
| Michael J. Astrue,                           ) | |
| Commissioner of Social Security,    ) | |
|                                                        ) | |
|         Defendant.     ) | |
| _____ ) | |

This is an action brought by the plaintiff, Lucille Langford, pursuant to Section 205(g) of the Social Security Act, as amended (42 USC Section 405(g)), to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance ("DIB") benefits under Title II of the Social Security Act.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should reverse the Commissioner's decision and remand to the Commissioner for an award of benefits. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

such without a recitation.

The plaintiff was advised of her right to file objections to the Report and Recommendation, which was entered on the docket on August 13, 2008. The plaintiff did not file any objections[2] to the Report. The government has responded to the Report indicating that it will not file objections to the Report.

BACKGROUND

The plaintiff applied for DIB on February 4, 2000, alleging she became disabled on December 18, 1998 due to back pain, headaches, arthritis, and depression. As the ALJ noted in his findings, the plaintiff has degenerative disc disease of the cervical and lumbar spines and headaches, in addition to hypertension, anxiety, and depression. She has past relevant work as a security guard and as a worker in a family-owned snack bar.

The plaintiff, who was 55 years of age at the time she alleges she became disabled, has a limited education (sixth grade or more), and that her past relevant work did not require the performance of work-related activities precluded by her residual functional capacity ("RFC").

The plaintiff's applications were denied initially and upon reconsideration. She was granted a hearing on June 28, 2001 before an Administrative Law Judge ("ALJ") before

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

2

whom she appeared and testified with representation. The ALJ determined that the plaintiff was not disabled, that she was able to perform her past relevant work, and that she was not entitled to benefits. The Appeals Council adopted the ALJ's decision on September 3, 2002.

On March 19, 2003, the undersigned, upon motion of the Commissioner and with plaintiff's consent, remanded this action to the Commissioner pursuant to Sentence Six of 42 U.S.C. Section 405(g) for further administrative action because the cassette recording of the ALJ's hearing contained too many inaudible statements.

The plaintiff attended a second ALJ hearing on August 23, 2005, wherein the ALJ again found that the plaintiff was not disabled. The present action is now before the court upon the conclusion of the remand and the Appeals Council's August 11, 2007 decision to deny a review and the final decision of the Commissioner.

The plaintiff argues that the ALJ did not apply the correct legal principles and as such, the Commissioner's findings are not supported by substantial evidence. Specifically, the plaintiff contends that the ALJ erred when she (1) failed to discuss the numerous reports of plaintiff's treating physician; (2) failed to give the proper weight to the treating physician's opinion; (3) failed to set out the rationale for plaintiff's RFC as required by SSR96-8p; (4) failed to properly evaluate plaintiff's pain; and (5) made statements at the hearing that she evaluated the case under erroneous legal standards. To the contrary, the Commissioner asserts that the ALJ's decision is supported by substantial evidence.

STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of that Act provides: "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Magistrate Judge suggests that the ALJ's decision to discount plaintiff's credibility during the relevant time period is not supported by substantial evidence and is not correct under controlling law. The ALJ stated:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could have been reasonably expected to produce the alleged symptoms, but the claimant's statements concerning the intensity, duration, and limiting effects of these statements are not entirely credible.

Tr. 16.

The Magistrate Judge suggests that the ALJ's opinion as to why she discounted plaintiff's pain and credibility is not clear and that she failed to discuss the two-part test for the evaluation of pain as required in SSR 96-7p. *See Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996). This court agrees and thus it cannot uphold the Commissioner's decision because it is not supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990).

The Magistrate Judge also suggests that the ALJ improperly evaluated and discounted the opinions of the plaintiff's treating physician and specifically failed to consider the RFC assessment. Again, this court agrees that the Commissioner's decision is not supported by substantial evidence. Without a finding of substantial evidence in the record, this court cannot support the Commissioner's decision to deny benefits.

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, and the Magistrate Judge's Report, the court finds the

5

Report provides an accurate summary of the facts and standards of law in this case. The Magistrate Judge's findings are hereby specifically incorporated herein by reference.

Accordingly, this action is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and is remanded to the Commissioner for an award of benefits as noted herein and in the Magistrate's Report and Recommendation.

IT IS SO ORDERED.

September 3, 2008                             Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge